LETZ v. CLARK. See Case No. 9,971.

LEVEE COMMISSIONERS (BARCLAY v.). See Case No. 977.

LEVEE COMMISSIONERS (HEINE v.). See Case No. 6,325.

LEVERIDGE (EUBANKS v.). See Case No. 4,544.

---

## Case No. 8,286.

LEVERING v. BANK OF COLUMBIA.

[1 Cranch, C. C. 152.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

MARITIME LIENS — PROVISION AND REPAIRS—SEAMAN'S LIEN.

1. A ship lying in Baltimore, whose owners reside in Alexandria, is not liable for provisions and repairs, Baltimore and Alexandria not being foreign to each other.

2. But the ship is liable to a seaman shipped for a voyage not prosecuted.

[Cited in The Atlantic, 53 Fed. 609.]

This was an action on the case for money paid, laid out and expended, and for money had and received. The bank having a claim against one Hamilton, a part owner of the ship Alexandria, caused her to be attached at Baltimore, and obtained judgment of condemnation. At the sheriff's sale, the plaintiff became the purchaser, but under an agreement with the bank that they should exonerate him from all liens and incumbrances on the ship. The seamen libelled the ship for wages, and the plaintiff finding their claim just, paid them, and now brought this action to recover the amount of such payments from the bank. It was admitted by the defendants that the plaintiff would have a right to recover if there were any claims against the ship for which the claimants had a lien at the time of the sale; and which the plaintiff had paid. The charges paid by the plaintiff were for the mate's wages, work done for repairs on the ship, and for provisions. It appeared that the mate was engaged at Alexandria, where the former owners lived, to go to Baltimore to take charge of the ship, and prepare her for sea; that when he arrived he found Hamilton's share attached, and in the custody of the sheriff; that after remaining on board about fourteen days, he was directed by the owners at Alexandria not to proceed in preparing the ship for sea, but to remain on board to take care of her: he was to have one dollar a day until that vessel sailed, after which he was to have thirty-six dollars per month as mate. He went on board the 10th January, and remained on board till the 16th of June, when the ship was sold by the sheriff.

Mason & Key, for defendants, contended that, as to repairs and provisions, in order to make the ship liable they must be furnished

[1] [Reported by Hon. William Cranch, Chief Judge.]

while the ship was on her voyage, or else that there must be an express hypothecation; that Baltimore could not be deemed a foreign country as to Alexandria; and, as to the mate's wages, they admitted that if he was employed as a mariner by the owners, in contemplation of a voyage, and to prepare the ship for such a voyage, she was liable to him for his wages while so employed in port, but contended that, by his remaining on board after the orders of countermand were given, he remained there under a new contract, and was a mere ship-keeper, for which service he had no lien on the ship, and cited Green v. Farmer, 4 Burrows, 2214; Godin v. London Assur. Co., 1 Burrows, 494; Ex parte Shank, 1 Atk. 234; Abb. Shipp. 66, 91, 108; Rich v. Coe, Cowp. 636; Westerdell v. Dale, 7 Term R. 312; Abb. Shipp. 288; Watkinson v. Bernadiston, 2 P. Wms. 367; Wells v. Osmond, 6 Mod. 238. The remedy of the plaintiff against the former owners is good for these charges.

Gantt & Morsell, for plaintiff. Whenever necessary supplies are furnished to a ship, the individual has a triple security; the master, owners and ship. In any case in which a master may hypothecate, if necessaries are furnished, the ship is liable without hypothecation. The contract was made on the credit of the ship, and not on that of the owners, who, as to Baltimore, were in a foreign country, that is, in Alexandria. Mariners may libel where the compact is made on land, and cannot libel unless their lien on the ship is perfect. The cases cited are upon questions to the jurisdiction of the court of admiralty, not upon the nature of the contracts. 4 Bac. Abr. 615; Yates v. Hall, 1 Term R. 73; 2 Term R. 73; 1 Com. Dig. 391; Wells v. Osman, 2 Ld. Raym. 1044; Cro. Car. 296; Hoare v. Clement, 2 Show. 338; 4 Bac. Abr. 620; Abb. Shipp. 102; Menetone v. Gibbons, 3 Term R. 267; Rich v. Coe, Cowp. 636; 2 Bac. Abr. 176; Ross v. Walker, 2 Wils. 264.

KILTY, Chief Judge. That there was no lien as to the repairs and provisions, Baltimore and Alexandria not being foreign ports to each other. That to make the ship liable to seamen for work done in port, it is not necessary that they should be hired for a specific voyage; that mariners may be hired by the owners themselves, and in such case they are not to be considered as relying solely upon the personal credit of the owners, and as losing their lien on the ship; that if a mariner is hired for an uncertain voyage, and not a specific one, the owners or the master may discharge such mariner; that if a seaman is hired for a voyage, and to do duty while in port in preparing for the the voyage, and the voyage is not prosecuted, the ship is liable to such mariner for his service while in port; that the claim of the mate in this case was a lien upon the

ship if he remained on board under the first agreement; but if the prosecution of the voyage was abandoned, and after the revocation of the first orders, he remained on board to take care of the ship in port, a voyage not being contemplated at the time of such revocation, his claim for wages which accrued subsequently was not a lien on the ship.

The jury could not agree, and a juror was withdrawn by consent, and the cause continued. Levering v. Bank of Columbia [Case No. 8,287].

MARITIME LIENS—PROVISIONS AND REPAIRS—SEAMAN'S LIEN.