## Case No. 8,748.

M'DERMOTT v. The S. G. OWENS.

[1 Wall. Jr. 370.] [2]

Circuit Court, E. D. Pennsylvania. Nov. 13, 1849.

MARITIME LIEN—STEVEDORE—COSTS.

1. No lien exists in the admiralty for services performed by a stevedore in loading and storing the ship's cargo.

[Cited in The A. R. Dunlap, Case No. 513. Disapproved in The George T. Kemp, Id. 5,341. Followed in Paul v. The Ilex, Id. 10,842. Criticised in Roberts v. The Windermere, 2 Fed. 725. Cited contra in The Canada, 7 Fed. 121; The Wivanhoe, 26 Fed. 928. Criticised in The Maggie P., 32 Fed. 301; The Gilbert Knapp, 37 Fed. 211. Disapproved in the Main, 2 C. C. A. 569, 51 Fed. 956, 957.]

2. An unfounded claim for lien dismissed without costs, the owners of the vessel having profited by the claimant's services,—which constituted a personal demand,—under circumstances not quite honourable.

M'Dermott claimed a lien for labour and services as a stevedore in loading and storing

[2] [Reported by John William Wallace, Esq.]

the cargo of the vessel S. G. Owens, while lying at one of the wharves of Philadelphia, previous to proceeding on a voyage to California; and the question was whether, admitting the vessel to be a foreign vessel, he had such a lien under the general maritime law. As a domestick vessel, it was admitted he had no lien. The case was a hard one upon the stevedore. The persons who employed him had become insolvent, and had transferred the ship and cargo, all ready for sea, to the present owners, who took it with knowledge of this and similar claims, but without making any provision for paying them.

Mr. Vandyke, in favour of the lien, contended that the duties of the stevedore were essentially maritime, being done on the ship and essential to her carrying freight. That, formerly, the mariners performed this service of loading and unloading vessels, and had a lien for their wages whether earned in port or at sea; and that, it being now found more convenient to have this service performed by labourers on shore, before the mariners come on board or after they are discharged, the stevedore., who is substituted for the sailor, is entitled to the same lien.

Mr. Kennedy and G. M. Wharton, for owners.

GRIER, Circuit Justice. The argument of the libellant's counsel is ingenious, but it wants the support of authority. No decision or dictum has been brought to the notice of the court which would justify them in treating this as a maritime service. It does not follow because sailors once performed these duties now better executed by landsmen, that therefore they should have the mariner's lien on the vessel. "The services are performed on a contract, which is neither made at sea nor for a service to be performed at sea; both were in the port of Philadelphia, and within the county of Philadelphia. The ship was safely moored at the wharf, and was in the actual possession of the owners; the service had no agency in bringing her in; she was not earning freight." For these reasons, which I quote from the opinion of the court in Phillips v. The Thomas Scattergood [Case No. 11.106], with others there mentioned, that court decided that a seaman whose wages have been paid up to the termination of the voyage, but who afterwards remains on board the vessel moored at the wharf, has no claim for services which a court of admiralty will enforce. The stevedores are usually employed by the owner, consignee, or master, on their personal credit. The service performed is in no sense maritime, being completed before the voyage is begun or after it is ended; and they are no more entitled to a lien on the vessel than the draymen and other labourers who perform services in loading and dischar-

ging vessels. Judgment must be therefore entered for the owners, but without costs, as the court cannot approve of the transaction by which they became the owners of this vessel, without any provision being made for the payment of those persons whose property and labour was expended in fitting her for sea, and which has been appropriated by the owners to their exclusive benefit. Decree accordingly.