By the Court.—McCunn, J.
In my judgment the only question on this appeal is whether the court have jurisdiction of the cause of action ? The respondent contends that it is a cause of admiralty and maritime jurisdiction, and as such is exclusively within the cognizance of the Federal judiciary.
I cannot conceive it my duty to be astute in discerning pretexts for ousting the jurisdiction of the State courts; but am inclined rather to maintain that jurisdiction if I can find any solid ground on which to support it. Perhaps, in view of the progressive aggrandisement of the admiralty in this country, it is chimerical to oppose any boundary of principle to its ever expanding jurisdiction. As far as I can see, the only limit to its growth is its own impulse of development. At the present state of its progress, the admiralty j urisdiction of the Federal courts, if it obtain at all, appear^ to be exclusive. It has not yet proceeded so far as to deny the jurisdiction of the State tribunals in cases confessedly beyond its own province.
How the federal courts themselves have uniformly declared that the claim of a stevedore for loading a vessel is not the subject of admiralty jurisdiction, the contract out of which it arises not being a maritime contract (The Sophie, 1 W. Rob. 368 ; The Joseph Cunard, Olcott, 120 ; The Circassian, 1 Bencd. Ad. Rep. 209 ; 1 *345 Parsons’ Mar. L. 488; The Amstel, 1 B. & H. 215 ; The S. G. Owens, 1 Wall. Jr. 370, and Davis v. Child, Davies, 71).
But the judiciary act of 1789 goes no further than to assert, that where the admirality jurisdiction prevails at all it is exclusive. In The Belfast, 7 Wall. 436, the United States supreme court explicitly concedes that when the admiralty has no jurisdiction the jurisdiction of the State courts is unimpaired and operative.
In the case of The Josephine (39 N. Y. 19) the court of appeals, in endeavoring to explain away the act, held it to be unconstitutional only so far as it conferred jurisdiction on the State courts where the case was one of admiralty or maritime jurisdiction ; the United States courts having exclusive cognizance of such cases. But this rule does not apply to the claim of a stevedore.
The supreme court of the United States however, in the Belfast case, has overruled the doctrine laid down in the Josephine case, so far as it conflicts with this view of the act. But apart from all this, the act is a remedial act, not penal, and the most liberal construction should be given it so as to enable the law to meet amply the ends for which it was designed. Certainly, if the legislature intended it to apply to a certain class of cases, this case is one of those cases wherein a special application of the act should be made.
The admiralty itself pretended no jurisdiction of the claim in controversy. I am at a loss to understand why this court is not competent to enforce it.
The nonsuit should be set aside, a new trial ordered with costs to abide the event.
Spencer, J., dissented, but without any written expression of his views of the case.