ONE WATER CASK (UNITED STATES v.). See Case No. 15,966.

ONION (JOHNSON v.). See Case No. 7,401.

ONONDAGA SALT CO. v. The PORTSMOUTH. See Case No. 11,295.

────────

## Case No. 10,538.

### The ONORE.

[6 Ben. 564.] [1]

District Court, E. D. New York. June, 1873.

JURISDICTION—COOPERAGE.

The admiralty has jurisdiction of a contract made between the master of a ship and a cooper, to put the cargo of the ship in landing order, the services being rendered partly on the ship and partly on the wharf, but before the delivery of the cargo.

[Cited in Roberts v. The Windermere, 2 Fed. 728. Followed in Constantine v. The River Queen, Id. 732. Cited in Endner v. Greco. 3 Fed. 413; The Erinagh. 7 Fed. 235; The Egypt, 25 Fed. 330; The Crystal Stream, Id. 576; Florez v. The Scotia, 35 Fed. 917; The Gilbert Knapp. 37 Fed. 214; The Main, 2 C. C. A. 569. 51 Fed. 957; Norwegian S. S. Co. v. Washington, 6 C. C. A. 313, 57 Fed. 225; The Seguranca, 58 Fed. 909.]

In admiralty.

Wilcox & Hobbs, for libellant.

Beebe, Donohue & Cooke, for claimants.

BENEDICT, District Judge. The question in this case is whether the admiralty has jurisdiction of a contract, made between the master of a ship and a cooper, to put in landing order the cargo of the ship, the services being rendered partly upon a wharf where the voyage terminated, and partly upon the ship, and prior to the delivery of the cargo to the consignees.

My opinion is that such a service is maritime, and consequently the contract is within the jurisdiction of the admiralty. The reason why such a service is maritime, is, because it is a service necessary to enable the ship to earn freight, which is the sole object for which the ship is constructed and navigated. The contract of a ship is to carry and deliver the cargo. When the cargo is received in good shipping order, the ship must deliver it in good landing order. All services which accomplish this end, or tend to accomplish this end, are compensated for by the freight paid, and in a proper sense form a part of the maritime adventure in which the ship is engaged; and the character of such services is determined by the character of the contract to which they are incident. Services such as are described in the present case seem to be of this description, and, in my opinion, are maritime in character. It is no objection to their being maritime that they are performed on land, or that they are performed by persons not seamen. Many maritime contracts are performed on land, and by persons having no immediate connection with the sea. The services in question are maritime, because they are a necessary part of the maritime service which the ship renders to the cargo, and without which the object of the voyage would not be accomplished.

The objection to the jurisdiction must, therefore, be overruled, and as there is no dispute as to the rendering of the services or their value, the libellant is entitled to a decree for the amount of his claim, with costs.