Choate, D. J.
This is a libel against the schooner Biver Queen to recover for services alleged to have been rendered by the libellant in weighing, inspecting and measuring the cargo preparatory to its delivery, and which, by the contract of affreightment, was required to be done by the vessel before delivery. The service is alleged to have been rendered at the request of the master and owners of the vessel. It is not alleged whether the vessel is domestic or foreign, nor that the service was rendered upon the credit of the vessel.
The owner appeared as claimant, and filed exceptions to the libel (1) that the court has no jurisdiction upon the allegations of the libel, and (2) that the contract upon which the libel is founded is not a maritime contract, such as to give the court jurisdiction.
This case was heard with the case of The Windermere, ante, 722, and submitted as involving upon the exceptions the same point as that case; the only difference referred to by counsel being the difference in the nature of the service rendered. The point, therefore, does not seem to be raised whether, if the vessel is a domestic vessel, the libellant’s claim, if in the nature of a claim for necessaries furnished to the vessel, is limited to a claim in personam, on the facts stated in the libel, on the principle declared in The General Smith, 4 Wh. 438. Nor is it made a ground of exception, as in The Windermere, ante, 722, that the libel does not state a cause of action.
The first exception seems not equivalent to that. The only point made in argument in support of either exception is that the contract declared on is not maritime. While, therefore, I have some doubt whether other points might not be raised *732 under the first exception, I shall assume that this is the only point which the claimant desires to make.
Upon this question I cannot distinguish the case from that of The Onore, 6 Ben. 564, in which it was held that the services of a cooper, in putting the cargo in order for delivery, performed partly on the ship and partly on the wharf, were maritime services. The reasons for this conclusion are given at length in the case of The Windermere, ante, 722.
As Judge Benedict says, in The Onore: “Many maritime contracts are performed on land and by persons having no immediate connection with the sea. The services in question are maritime, because they are a necessary part of the maritime service which the ship renders to the cargo, and without which the object of the voyage would not be accomplished. ”
Exceptions overruled, with leave to answer.