THE MAGGIE P.

MILLER v. THE MAGGIE P.

(*District Court, E. D. Missouri, E. D.* 1887.)

MARITIME LIENS—MARITIME CONTRACTS—CARE OF VESSEL.

A libel was brought against a vessel by one who was employed as watchman, while a steamer was lying in the port of St. Louis. A portion of the demand was for materials and labor procured for the repair and preservation of the steamer. It was further alleged that it was the duty of libelant to keep the steamer in a place of safety, and to that end to move and navigate her from place to place as circumstances demanded, and that on several occasions he did procure a tug to move her from one anchorage to another, to insure her safety. *Held,* that the entire demand grew out of a maritime contract, and was within the jurisdiction of the admiralty court.

In Admiralty. On exceptions to libel.

*Dawson & Drummond,* for libelant.

*F. X. McCabe,* for claimant.

THAYER, J. The sole question in this case is whether the libelant has a maritime lien for the demand described in the libel, and may proceed in a court of admiralty to enforce the same. The demand is, in great part, for services rendered by the libelant as watchman while the steamer was lying at the port of St. Louis. A small portion of the demand, amounting to $7.70, is for money expended by libelant in procuring necessary materials and labor for the repair and preservation of the steamer, while he was in charge of the same. It is averred in the libel that it was part of libelant's duty as watchman to keep the steamer in a place of safety, and to that end to move and navigate her from place to place as circumstances demanded, and that in the course of the 14 months that libelant had charge of the steamer, he did, in fact, on several occasions, procure a tug and move her from one anchorage in the harbor to another to insure her safety. It also appears that the services in question were rendered to the steamer in her home port. It is not averred, however, whether such services were rendered upon the credit of the steamer, or personal credit of the owner. Counsel for the claimant has taken no exceptions to the libel, however, on the special ground that this is the home port, nor upon the further ground that the libel fails to aver that the services were rendered, and the money was expended by libelant, on the sole credit of the steamer.

The broad proposition is asserted that the claim in question, as set forth in the libel, does not arise out of a maritime contract, and this is the sole question to be at present determined. The case principally relied upon is that of *Gurney v. Crockett,* 1 Abb. Adm. 490, in which it was held that a person employed to visit a vessel at anchor from time to time to see to her safety, etc., was not entitled to sue in admiralty to recover compensation for his services, as they were not rendered in execution of a maritime contract, although it was conceded in that case that,

if it had been the duty of the watchman to get the vessel under way, and navigate her from one anchorage to another, in the same port, he might have sued in admiralty for such services, as they are of a maritime nature. The cases of *Phillips* v. *The Scattergood*, Gilp. 3; *The Amstel*, Bl. & H. 215; *Cox* v. *Murray*, 1 Abb. Adm. 341; and *The S. G. Owens*, 1 Wall. Jr. 370,—have also been cited, and they are of the same general character as *Gurney* v. *Crockett, supra.* With reference to all of those cases it may be said that the tests therein applied to determine whether the contracts involved were maritime, were tests that have very generally been pronounced to be inadmissible and indecisive by later decisions, in some instances, of the same courts in which those decisions were pronounced. Thus, the case of *Gurney* v. *Crockett*, decided in 1849, in the Southern district of New York, was overruled, in effect, in the same district, by the case of *Roberts* v. *The Windermere*, decided May, 1880, *vide* 2 Fed. Rep. 722. The other later cases to which reference is made as establishing a more liberal interpretation of the term "maritime contract" are the following: *Insurance Co.* v. *Dunham*, 11 Wall. 26; *The Geo. T. Kemp*, 2 Low. 482; *The Onore*, 6 Ben. 564; *The Erinagh*, 7 Fed. Rep. 231; *The Senator*, 21 Fed. Rep. 191; *The Trimountain*, 5 Ben. 250; *The Hattie M. Bain*, 20 Fed. Rep. 289; *The Wivanhoe*, 26 Fed. Rep. 927.

A portion of the libelant's demand in the present case grew out of the performance of a maritime service, even under the narrow rule applied in the case of *Gurney* v. *Crockett, supra*, and as the exceptions are general, and are urged against the whole demand, they might properly be overruled for that reason. But I am of the opinion that according to the tests now applied to determine what are maritime contracts, the entire demand as described in the libel grew out of a maritime contract, and is within the jurisdiction of the admiralty courts. The exceptions are accordingly overruled.