## THE AMERICA.

### JEPSON v. THE AMERICA.

(District Court, D. New Jersey. June 20, 1893.)

1. MARITIME LIENS—SERVICES RENDERED IN HOME PORT—WATCHMAN.
   The services of a watchman or shipkeeper, rendered to a vessel lying at her home port, create no maritime lien.

2. SAME—LACHES OF CLAIMANT—COSTS.
   Where, however, the claimant of a vessel which is libeled for such services is guilty of laches, in that he fails to intervene until after judgment pro confesso and order of sale, he will be required to pay the libelant's costs, as a condition of opening the decree.

In Admiralty. Libel by Jep Jepson against the dredge America, her tackle, etc., for wages. Libelant was a watchman on said dredge while she was in port. There was a decree pro confesso, and order of sale. The claimant moved to open the decree pro confesso, and let him into a defense, on the ground that watchman's wages were not the subject of a maritime lien. Motion granted on payment of costs.

Frank B. Stockley, for the motion.
Joseph H. Brinton, opposed.

GREEN, District Judge. This claim is a meritorious one, and should be paid. The services for which wages are claimed by the libelant were faithfully performed, and should be compensated for. But, unfortunately for the libelant, he has mistaken his remedy for the wrong done him. The libelant was employed simply as a shipkeeper or watchman of the dredge America, a domestic vessel, while she was lying in port. Such employment, and the consequent services rendered, are not maritime, and cannot be the basis of a maritime lien. The E. A. Barnard, 2 Fed. Rep. 712; The Island City, 1 Low. 375. The libel must therefore be dismissed.

In this case, however, the claimant has been guilty of laches. The libel was duly filed, and the cause proceeded regularly to a decree pro confesso, and an order for sale of the dredge. Then, for the first time, does the claimant intervene, and asks the indulgence of the court, seeking to open the decree pro confesso, and to interpose the defense which has been made. Had the defense been different in character, it is very doubtful whether the court would have interfered. But, having felt constrained to permit the defense to be made, it grants such permission to the claimant, but only upon the terms that the claimant shall pay all taxable costs thus far incurred by the libelant in the cause.

Upon payment of these costs, let the libel be dismissed.