## THE SINALOA.

(District Court, N. D. California, First Division. September 13, 1913.)

### No. 15,405.

MARITIME LIENS (§ 25*)—FEDERAL STATUTE—SERVICES OF WATCHMAN.
    Act June 23, 1910, c. 373, § 1, 36 Stat. 604 (U. S. Comp. St. Supp. 1911, p. 1192), which gives a lien for repairs, supplies, or other necessaries furnished to a vessel on order of the owner or a person authorized by him, does not cover the services of a watchman employed by the owner for a vessel while lying in her home port.

    [Ed. Note.—For other cases, see Maritime Liens, Cent. Dig. §§ 20, 31–36; Dec. Dig. § 25.*]

In Admiralty. Suit by M. A. Taylor against the gasoline launch Sinaloa. On exceptions to libel. Exceptions sustained.

H. W. Hutton, of San Francisco, Cal., for libelant.
Denman & Arnold, of San Francisco, Cal., for respondent.

DOOLING, District Judge. Exceptions to libel for services as watchman, alleged to have been performed on the launch Sinaloa at the request of her owner. It is not averred where the vessel lay at the time of the performance of the services, but the cause was argued on the assumption that she lay in her home port; the real question submitted being whether the services of a watchman employed by the owner create a lien upon the vessel under the act of Congress of June 23, 1910, when such services have been rendered in her home port.

It has been frequently held that such service is not maritime. The Sirius (D. C.) 65 Fed. 226; The America (D. C.) 56 Fed. 1021; The E. A. Barnard (C. C.) 2 Fed. 712; The Island City, Fed. Cas. No. 7,109. In the absence of the act of Congress of June 23, 1910, the services of a watchman would create no lien. This act provides:

"That any person furnishing repairs, supplies, or other necessaries, including the use of a dry dock or marine railway, to a vessel, whether foreign or domestic, upon the order of the owner or owners of such vessel, or of a person by him or them authorized, shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

This act does not by any fair construction of its terms include the services here in suit, nor is it clear that its terms should be so extended by construction as to include them. The apparent intent of the act was to relieve those persons who formerly would have had a lien if credit had been given to the vessel from the necessity of alleging and proving that credit had been so given. The purpose does not seem to have been to create a new class of liens, or liens for services which had been theretofore determined not to be maritime, but only to deal with certain matters that had always been recognized as cognizable in admiralty.

While it is quite true that the libelant should be paid for any services rendered by him, I am of the opinion that his remedy is against the owner, and not against the vessel.

The exceptions will therefore be sustained, and the libel dismissed.