## THE JACK-O-LANTERN.

(District Court, D. Massachusetts. August 28, 1922.)

No. 2051.

1. **Wharves ⬦⟫18—No lien for use of wharf and adjacent land.**
   A claim for the use of a wharf and adjacent land will not support a maritime lien.

2. **Seamen ⬦⟫27—Marine fireman has lien.**
   A marine fireman is entitled to a maritime lien for services.

3. **Maritime liens ⬦⟫37—Rank according to calendar year in which they arise.**
   Where the proceeds of a sale of a steamer are insufficient to satisfy all maritime liens, they are to be ranked according to the calendar year in which they arose; those accruing the last year being paid first.

4. **Maritime liens ⬦⟫12—That coal was used for heating does not defeat lien.**
   That coal supplied to a steamer was used for heating, instead of navigating, does not defeat the right to a maritime lien.

In Admiralty. Libel by Joseph A. Cruikshank against the steamer Jack-O-Lantern. On objections to the claims of various interveners. Decree in accordance with the opinion.

See, also (D. C.) 266 Fed. 562.

Coggan & Coggan, of Boston, Mass., for libelant.

Geo. L. Dilloway, of Boston, Mass., for petitioner Betts Light Co.

William J. Day, of Boston, Mass., for petitioner Tornquist.

Wm. M. Blatt, of Boston, Mass., for petitioner Richardson.

MORTON, District Judge. The Jack-O-Lantern has been sold by the marshal and the present proceedings relate to the disposition of the fund in court. By a decree previously made the Betts Lighterage & Wrecking Company has been awarded and paid a salvage claim of $2,-500. The balance of the fund is insufficient to pay all the claims presented. The various interveners have therefore been heard to object to each other's claims. Two sorts of questions are presented: (1) Whether certain claims give rise to maritime liens; and (2) the order of priority in which the claims allowed are entitled to be paid. As to almost all of the claims the decisions hereafter referred to in connection with them are so decisive of the matter that no discussion seems necessary.

[1] Claim of C. H. Richardson, for use of wharf and adjacent land. This claim is disallowed. The Advance (D. C.) 60 Fed. 766, affirmed 71 Fed. 987, 18 C. C. A. 404; The C. Vanderbilt (D. C.) 86 Fed. 785; The James T. Furber (D. C.) 129 Fed. 808, and (D. C.) 157 Fed. 126.

Claim of A. O. Tornquist, for music. Disallowed. The Cimbria (D. C.) 156 Fed. 378, 385.

---

⬦⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Claim of Benson, for services as watchman. Disallowed. The Sirius (D. C.) 65 Fed. 226; The Sinaloa (D. C.) 209 Fed. 287.

[2] Claim of Tarbox, for services as marine fireman during July, 1921. Allowed in the sum of $69.10.

[3] The other claims relate to materials and supplies furnished to the steamer. There is no question but what they were furnished as claimed, nor that the prices charged are fair, nor that these claims each give rise to a maritime lien. The difficulty is that, taken together, they largely exceed the fund in court, and the question for decision is which, if any of them, are entitled to priority. These claims are covered by The Philomena (D. C.) 200 Fed. 873. According to that decision, they are to be ranked according to the calendar year in which they arose, and take priority on that basis; those accruing the last year being paid first, those in the preceding year next, and so on. Within the year claims rank equally. Applying these principles the—

Claim of Purdy Tow & Water Boat Company is allowed for $144 of the year 1921, $2,061.35 of the year 1920, and $250 of the year 1919.

[4] Claim of Coastwise Coal Company is allowed for $420 of the year 1920. The coal was supplied to the steamer, and the fact that it was used for heating, instead of for navigating, does not, I think, affect the lien.

Claim of William S. Nolan, for chain and valve. Allowed for $169.18 of the year 1920.

The claims of Walter W. Hodder Company for chandlery, paint, and supplies, and of Cruikshank, the libelant, for repairs and supplies, are not so presented that they can be divided according to the calendar years. If the parties do not agree, they may be set down for hearing.

When the amounts of the various claims have been settled, a decree may be presented in accordance herewith.