## Case No. 2,722.

### The CIRCASSIAN.

[1 Ben. 209.] [1]

District Court, E. D. New York. June, 1867.

LIEN—STEVEDORE'S WORK—JURISDICTION.

Where a libel was filed to recover for stevedore's services, and exceptions were filed to it on the ground that the services were not maritime, and therefore the claim was not within the jurisdiction, *held*, that though the court would be disposed, if the question were a new one, to hold that such services were maritime, yet as the question had been repeatedly determined otherwise in the southern district, the law of those decisions would be followed until modified by concurrent action on the part of both courts, or by the circuit court on appeal.

[Cited in The William, Case No. 17,710; The George T. Kemp, Id. 5,341; Roberts v. The Windermere, 2 Fed. 729; The Canada, 7 Fed. 122; The Wivanhoe, 26 Fed. 928; The Esteban De Antunano, 31 Fed. 924; The Gilbert Knapp, 37 Fed. 211; The Main, 51 Fed. 956; The Seguranca, 58 Fed. 908.]

In admiralty. The libel in this case was filed by James Adams to recover for stevedore services performed in taking in, storing, and in breaking out and landing cargo of the steamer Circassian. Exceptions were filed to it upon the ground that the services were not of a maritime character, and not within the jurisdiction of the court.

O'Sullivan, for libellant.

T. E. Stillman, for claimant.

BENEDICT, District Judge. I confess that I have never been able to see any sound distinction between the nature of the services performed in stowing and breaking out the cargo of a ship, and the services performed in its transportation. The stowage and the landing of the cargo form a necessary part of the contract of affreightment. Without the performance of this duty no freight can be earned. The safety of the ship and of the cargo depends in a great measure upon the care and skill displayed in the performance of this duty, and for its non-performance in a proper manner the ship is liable in the admiralty. It is a service which, when performed by the crew, as is frequently the case, is considered a maritime service, and compensated in the admiralty under the name of wages. And when not performed by the crew, it devolves upon a class as clearly identified with maritime affairs as are the mariners, and fitted for the duty by a special and peculiar experience.

These considerations seem to me sufficient to establish the maritime character of the service, and to bring it within the admiralty and maritime jurisdiction of the district courts, and were the question a new one I should so hold.

But I do not feel at liberty to follow my individual opinion; for, although the question is now for the first time presented in this district, it has been repeatedly decided by Judge Betts adversely to the jurisdiction, and when a question frequently arising in the past has been thus settled, so far as the district court is concerned, by decisions in the southern district, I consider it to be my duty to declare the same law here, until the rule shall be modified by concurrent action on the part of the two district courts, or by the circuit court on appeal.

The exception is therefore allowed, but without costs, and leave given the libellant to file an amended libel within ten days.

[NOTE. For hearing and decision on exceptions to amended libel, see Case No. 2,723, next following.]