## Case No. 2,722.

### The CIRCASSIAN.

[1 Ben. 209.] [1]

District Court, E. D. New York. June, 1867.

LIEN—STEVEDORE'S WORK—JURISDICTION.

Where a libel was filed to recover for stevedore's services, and exceptions were filed to it on the ground that the services were not maritime, and therefore the claim was not within the jurisdiction, *held*, that though the court would be disposed, if the question were a new one, to hold that such services were maritime, yet as the question had been repeatedly determined otherwise in the southern district, the law of those decisions would be followed until modified by concurrent action on the part of both courts, or by the circuit court on appeal.

[Cited in The William, Case No. 17,710; The George T. Kemp, Id. 5,341; Roberts v. The Windermere, 2 Fed. 729; The Canada, 7 Fed. 122; The Wivanhoe, 26 Fed. 928; The Esteban De Antunano, 31 Fed. 924; The Gilbert Knapp, 37 Fed. 211; The Main, 51 Fed. 956; The Seguranca, 58 Fed. 908.]

In admiralty. The libel in this case was filed by James Adams to recover for stevedore services performed in taking in, storing, and in breaking out and landing cargo of the steamer Circassian. Exceptions were filed to it upon the ground that the services were not of a maritime character, and not within the jurisdiction of the court.

O'Sullivan, for libellant.

T. E. Stillman, for claimant.

[NOTE. For hearing and decision on exceptions to amended libel, see Case No. 2,723, next following.]

## Case No. 2,723.

### The CIRCASSIAN.

[2 Ben. 171.] [1]

District Court, E. D. New York. Feb., 1868.

SALVAGE—PLEADING.

1. Labor in unloading the cargo of a ship, which is on fire and in danger of destruction, attended with danger to life, and of unusual severity by reason of the danger to the ship, is not simple stevedore's services, and would be ground for sustaining an action in admiralty to recover compensation for them.

[Cited in Francis v. The Harrison, Case No. 5,038.]

2. The contract to render such services is none the less a maritime contract, because the compensation did not depend on the result.

[Cited in The Kate Tremaine, Case No. 7,622.]

3. Where a libel had been dismissed on exception, but leave had been given to amend, and a new libel was filed setting out a valid cause of action, but adding a second cause of action, which was substantially a repetition of the first libel which had been dismissed: *Held*, that this was an irregular and improper mode of pleading, and the libel must be dismissed, as not within the spirit of the order giving leave to amend.

BENEDICT, District Judge. This case, which has heretofore been before the court, —see 1 Ben. 209 [Case No. 2,722],—upon exceptions filed to the original libel, now comes up again upon exceptions to the amended libel. The original libel was dismissed upon the ground that under the ad-

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

¹ [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

judged cases binding this court, it could not, sitting in admiralty, entertain jurisdiction of a claim for stevedore labor. On application, leave was, however, given to amend, under which the present amended libel has been filed, to which exception is also taken upon the ground that it shows no facts which make the action other than one to recover for stevedore services, and consequently that, under the previous decisions, it must be dismissed. Upon the argument of the exceptions, it seemed to be assumed on the part of the claimants, that in order to sustain the libel, the facts presented must show a case of salvage, and it was argued that, upon the face of the libel, it appeared that it was no case of salvage, inasmuch as it is expressly averred that the services sued for were rendered in pursuance of an agreement to pay reasonable compensation for them without regard to the result. The assumption upon which this argument is based I cannot consider as well founded. There may well be a contract to render services to a ship in danger for a sum certain, without regard to the result, which, if it would not form the basis of a claim for salvage, in the strict sense of the word—that is, for a compensation exceeding the value of the services, and allowed out of considerations of public policy —would still be a maritime contract, enforceable as such in admiralty, and to be adjudicated upon according to the principles applicable to cases of contract. The A. D. Patchin [Case No. 87]. The facts set forth in this libel, in what is called the first cause of action, are sufficient, if proved, to make out such a case of contract clearly within the jurisdiction of a court of admiralty. These facts are, that the steamer was on fire in her lower hold, and in danger of being destroyed; that to save her, it was necessary to remove the cargo to get at the coal which was on fire, and to remove it; that owing to the fumes of the burning coal the labor could only be performed at the exposure of life; that the danger to the ship required unusual labor by day and by night, which the libellants performed at request of the owner. The distinguishing features which these facts present are, that the services in question were performed in aid of a ship in danger of destruction; that they were attended with danger to life, and were unusual in their severity by reason of the danger of the ship. Such circumstances have been considered as sufficient to change the character of a contract of affreightment where the agreement was to transship a cargo for a remuneration "according to the services rendered and the risk encountered" into a salvage contract. The Westminster, 1 W. Rob. Adm. 229. And in my opinion they change the character of the services sued for in this case, and render inapplicable the decisions upon cases of simple stevedore labor—decisions which I feel bound to follow, but which I conceive to be without any

solid foundation in principle. My conclusion, therefore, is, that the facts set forth in this libel, and designated the first cause of action, are sufficient, if proved, to enable the libellants to maintain their action. But this libel, in addition to the matter already considered, contains what is called a second cause of action, which appears to be the same transaction again set forth in a different form, and here presenting only the features of a simple claim for stevedore labor. It is, in fact, no more than the contents of the original libel once dismissed again presented to the court in the same form, and designated a second cause of action. Such a mode of procedure is irregular and improper, and could hardly have occurred had proper attention been paid by the draughtsman, and I shall mark my disapproval of it by dismissing the libel under the fourth exception, as not within the spirit of the order giving leave to amend. Leave is given to file a proper pleading upon payment of costs of the exceptions.