## Case No. 10,842.

### PAUL v. The ILEX.

[2 Woods, 229.] [1]

Circuit Court, D. Louisiana.    April Term, 1876.

MARITIME LIENS—SERVICES OF STEVEDORE.

A stevedore has no maritime lien upon a ship, for his services in loading and stowing her cargo.

[Cited, but not followed, in The Canada, 7 Fed. 124; The Wivanhoe, 26 Fed. 928. Followed in The Esteban De Antunano, 31 Fed. 924. Cited, but not followed, in The Gilbert Knapp, 37 Fed. 211. Cited in Danace v. The Magnolia, Id. 369; The Augustine Kobbe, Id. 699. Overruled in The Main, 51 Fed. 955, 2 C. C. A. 569.]

[See The Amstel, Case No. 339.]

[Appeal from the district court of the United States for the district of Louisiana.]

[This was a libel by James Paul against the bark Ilex to enforce a maritime lien for services as a stevedore. The libel was dismissed in the court below.]    Case unreported.

B. C. Elliott, for libellant.

C. B. Singleton and R. H. Browne, for claimant.

BRADLEY, Circuit Justice.    This is a libel in rem against a foreign ship, bound on a foreign voyage, for services as stevedore in loading timber on the ship. A stevedore has never been held to have a claim against the ship itself for his services; on the contrary, the claim has been uniformly rejected. Judge Betts, in Cox v. Murray [Case No. 3,304], undertakes to explain why the loading of a ship with cargo preparatory to a voyage, is not a maritime service, whilst the furnishing of repairs and supplies preparatory to such voyage is a maritime service. He seems to think that the maritime quality arises only when the matters performed or entered upon pertain to the fitment of the vessel for navigation, aid and relief supplied her in preparing for and conducting a voyage, or the freighting or employment of her as the instrument of a voyage; but that services only incidentally benefiting a voyage have not this quality. Judge Lowell thinks this not a very satisfactory explanation, because a ship cannot be used to advantage without a cargo any more than without repairs and supplies. As, however, the precedents are all one way, I do not feel at liberty in this court to disregard them, and the views expressed by Mr. Justice Grier, in McDermott v. The Owens [Id. 8,748] are so clear and forcible, that I am not certain that I should come to a different conclusion if the question were a new one. He says: "The stevedores are usually employed by the owner, consignee, or master, on their personal credit; the service performed is in no sense maritime, being completed before the voyage is begun, or after it is ended, and they are no more entitled to a lien on the vessel than

the draymen and other laborers who perform services in loading and discharging vessels."

The decree of the district court is affirmed.