## The Thames.

(*District Court, S. D. New York,* December 23, 1881.)

1. MARITIME LIEN—SERVICES IN PROCURING CHARTER.
    A shipping broker has no lien on a vessel, in admiralty, for services in procuring a charter-party.

In Admiralty.

*F. A. Wilcox,* for libellants, cited 5 Ben. 63, 70, 71; 2 FED. REP. 722; 4 Ben. 864; 8 Chi. Leg. News, 401; 3 N. Y. Wkly. Dig. 425; 2 Low. 482; 17 Wall. 666; 1 Dill. 460; 2 Low. 173; 5 Ben. 74, 78.

*Michael H. Cardozo,* for claimant, cited 1 Abb. Adm. 340, 490; Etting, Adm. 69, 74; 2 Olcott, 120; 3 Mason, 6; 3 Sumn. 144.

(On general subject of maritime liens, see 21 Am. Law Reg. 1, 82; 16 Am. Law Rev. 193.—[REP.)

BROWN, D. J.   I am not prepared to assert jurisdiction in admiralty in this case.   In the case of *The Riga,* L. R. 3 Ad. & Eccl. 516, the ultimate determination is not reported, and the question depended wholly upon the statute, (3 & 4 Vict.)   In this country such jurisdiction has never been asserted.   In *The Gustavia,* Bl. & H. 189, shipping a crew was held like furnishing necessary supplies for a voyage.   The distinction between preliminary services leading to a maritime contract and such contracts themselves have been affirmed in this country from the first, and not yet departed from.   It furnishes a distinction capable of somewhat easy application.   If it be broken down, I do not perceive any other dividing line for excluding from the admiralty many other sorts of claims which have a reference, more or less near or remote, to navigation and commerce.   If the broker of a charter-party be admitted, the insurance broker must follow,—the drayman, the expressman, and all others who perform services having reference to a voyage either in contemplation or executed.

In *Merchant* v. *Lulan,* upon a similar case, the libel was dismissed on execution (as I find on examination) on February 22, 1879, by *Benedict,* J., in the eastern district, and the same decision must be made here.

Libel dismissed, with costs.

See *Ferris* v. *The Bark E. D. Jewett,* 2 FED. REP. 111.