## THE WIVANHOE.

UNION COTTON COMPRESS CO. OF GALVESTON *v.* THE WIVANHOE.

*(District Court, E. D. Virginia.* March 30, 1886.)

ADMIRALTY—JURISDICTION—CONTRACT TO COMPRESS CARGO AND PUT ON BOARD SHIP.

Where a compress company contracted with the master of a ship for compressing her cargo of cotton, and putting it on board, *held,* that this was a maritime contract within the admiralty jurisdiction, on which a libel *in rem* against the ship, wherever found, would lie.

In Admiralty. On a libel for compressing and delivering on board a cargo of cotton.

The cotton was compressed in Galveston, Texas, and put on board the steam-ship. The ship, bound to Liverpool, put into Norfolk to complete a supply of coal for the voyage. She was here libeled for the compress charges by instructions from the libelants, in Galveston. The libel set out, among other things, the following facts:

"On the fourteenth day of November, 1885, the said steam-ship, then lying at the port of Galveston, and requiring cargo of compressed cotton, at the special instance and request of her said master, R. D. Clark, employed and contracted with the libelants to compress her said cargo of cotton, to the amount and at the prices set forth in the schedule hereto annexed, which contains a just, true, and correct account of the work done and charges made for the same. And thereupon the libelants commenced, on the fourteenth day of November, 1885, and continued the work of compressing cotton for the said steam-ship Wivanhoe until the twenty-fourth day of December, 1885, when they completed the said work; and on the day last aforesaid had pressed and delivered to the said steam-ship 2,023 bales of cotton, and the same were received on board, and are now in said steam-ship as cargo."

The allegations of the libel were not denied, and the case was heard on the motion of the respondent to dismiss the proceeding on the ground that the contract of a compress company for compressing cotton is not within the admiralty jurisdiction, does not constitute a lien upon the vessel on which the cotton compressed is found as cargo, and cannot be made the subject of a libel *in rem* against the vessel.

*White & Garnett,* for libelant.
*Ellis & Kerr,* for respondent.

HUGHES, J. The question here is analogous to the much debated one, whether the contract of a stevedore is maritime, and will sustain a libel *in rem* against a ship. For some time it was held that a stevedore's contract for loading a vessel was not within the admiralty jurisdiction, though his contract for unloading it was. Opinion has undergone a change in this respect, and the tendency now is to hold a stevedore's contract to be within the admiralty and maritime jurisdiction. The question was discussed very fully by Judge LOWELL, who affirmed the jurisdiction, in the case of *The Geo. T. Kemp,* 2 Low. 482–485. It has more recently been considered by Judge DEADY in the case of *The Canada,* 7 Fed. Rep. 119, and the affirmative held, upon a strong array of reason and authority. See, also, *The Windermere,* 2 Fed. Rep. 722; *The Hattie M. Bain,* 20 Fed. Rep. 389; *The Velox,* 21 Fed. Rep. 479; *The Circassian,* 1 Ben. 209; *The Kate Tremaine,* 5 Ben. 60; *The Senator,* 21 Fed. Rep. 191; *The Emily Souder,* 17 Wall. 669. *Per contra,* see *The Bark Ilex,* 2 Woods, 229, and the cases there cited, viz.: *Cox* v. *Murray,* 1 Abb. Adm. 342; *McDermott* v. *The Owens,* 1 Wall. Jr. 371. See, also, *The E. A. Barnard,* 2 Fed. Rep. 712.

I see no reason why a stevedore's contract for loading, if made with the master of the vessel, is not to be deemed maritime. On the other hand, I can well perceive that if a stevedore makes a contract with one who wishes to ship merchandise on a vessel, to put the merchandise on board, both being landsmen, and neither having any other mercantile relation to the vessel, I say I see no reason why such a contract should be held binding on the ship. But where the master himself employs the stevedore to put and stow his cargo on board, the contract seems to me to be as distinctly maritime as any other contract which the master may make with a landsman touching the vessel herself or her cargo.

The analogy of a contract for compressing the cotton constituting the cargo of a ship with the contract of a stevedore seems to be complete. In the case at bar, I infer from the language of the libel, which is given above, that the ship had engaged to carry certain 2,023 bales of cotton to Liverpool; that in the original form of the bales it was impracticable to stow such a number of them on board; that to meet this difficulty the ship herself employed the compress company to reduce the bales to convenient size for shipping, and to put them on board; and that the libelant faithfully executed this contract. In its mere statement, the case seems to me to be clearly within the admiralty jurisdiction, irrespectively of the circumstance whether the vessel was domestic, which she was not; or foreign, which she was.

I will decree for the libelant.