## THE PAOLA R.[1]

### ZEIGLER v. THE PAOLA R.

*(Circuit Court, E. D. Louisiana. June 17, 1887.)*

1. MARITIME LIENS—WHAT CONTRACTS GIVE RISE TO.
    Maritime liens are *stricti juris*, and do not arise on all contracts made by the owners to result in profit to the ship. The test is to be applied to the subject, and not to the object. It is the subject-matter of the contract which must be maritime, and not the mere object,—the ship.
2. SAME—COMPRESSING COTTON.
    No maritime lien exists for the compressing of cotton, when the compressing was performed inland, and before any contract of affreightment, binding on the ship, was made.

Admiralty Appeal.

*B. Frank Jonas* and *I. O. Nixon, Jr.,* for libelant.

*E. H. Farrar* and *E. B. Kruttschnitt,* for claimant.

PARDEE, J. Compressing cotton for shipment by vessel or railroad is land business. The demand of the libelant in this case is, in effect, to establish a maritime lien for the compressing of cotton, when the compressing was performed inland, and before any contract of affreightment, binding on the ship, was made. The statement of the case shows that there can be no lien for such compressing. But the libelant says that in the port of New Orleans the custom and usage was and is that bills of lading of cotton are made, and rates are fixed, with reference to the delivery to the ship of uncompressed cotton, and that when compressed cotton is delivered to a ship the ship repays the cost of compressing. Concede such a custom, and it can have no greater effect than an express contract to the same purport between the master and the shipper. Such an express contract would be, in substance, an agreement to make a rebate on the freight of compressed cotton, and to pay such rebate before the freight is earned, or, in other words, the ship, in consideration of freight to be earned, agrees to pay down a cash amount.

Maritime liens are *stricti juris*, (see *Vandewater* v. *Mills,* 19 How. 82,)

[1]Reported by Joseph P. Hornor, Esq., of the New Orleans Bar.

and do not arise on all contracts made by the owners to result in profit to the ship. Many examples might be given. It is only where the contract to result in benefit to the ship is a maritime contract that a lien on the ship arises. Whether a contract is or not a maritime contract depends on its subject-matter, *i. e.*, whether it provides for maritime services, maritime transactions, or maritime casualties. *Insurance Co.* v. *Dunham*, 11 Wall. 1. In the present case the contract has reference to the obtaining of a cargo, and is to be performed before the voyage is commenced, and without reference to the result.

A policy of insurance on a ship is a maritime contract, (*Insurance Co.* v. *Dunham, supra*,) but no lien results for a premium, (*The John T. Moore*, 3 Woods, 61.) There is no lien for commissions on advances, nor for obtaining freights. *The J. C. Williams*, 15 Fed. Rep. 558. In *Ferris* v. *Jewett*, 2 Fed. Rep. 111, a lien was denied a shipping broker for services in obtaining a crew. A shipping broker has no lien for services in procuring a charter-party. *The Thames*, 10 Fed. Rep. 848. The services of a solicitor of freight are not maritime in character, and create no lien on the vessel. *The Crystal Stream*, 25 Fed. Rep. 575.

In *The Thames, supra*, Judge Brown says:

"The distinction between preliminary services leading to a maritime contract, and such contracts themselves, have been affirmed in this country from the first, and not yet departed from. It furnishes a distinction capable of somewhat easy application. If it be broken down, I do not perceive any other dividing line for excluding from the admiralty many other sorts of claims which have a reference more or less near or remote to navigation and commerce. If the broker of a charter-party be admitted, the insurance broker must follow the drayman, the expressman, and all others who perform services having reference to a voyage either in contemplation or executed."

And so the responsibilities of the ship on account of cargo must be held to commence with the delivery of the goods to the ship, and be confined to the transportation to and safe delivery of the goods at the port of delivery, and to the performance of such maritime services as may lawfully be agreed upon.

If charges and expenses necessary to the ship, and to the conduct of its business, but preliminary to the contract of affreightment, are admitted as maritime liens, there will be no end to the business that may be drawn to the admiralty. Compressing, ginning, baling, and perhaps picking cotton may each ripen into a lien on the ship that eventually contracts to carry the cotton from the country. The principle on which the decisions rest as to lien or no lien is "that the test is to be applied to the subject, and not to the object; that is to say, it is the subject-matter of the contract which must be maritime, and not the mere object,—the ship." See 21 Amer. Law Reg. (N. S.) 1. *Leland* v. *Medora*, 2 Woodb. & M. 109.

The subject of the libelant's contract under the custom claimed was not the carrying of the cotton, but was preliminary thereto, and was not a maritime contract, and no lien arises.

The exception will be maintained, and the libel dismissed, with costs.