### RICHARD et al. v. HOGARTH et al.

(District Court, D. New Jersey., May 23, 1899.)

ADMIRALTY JURISDICTION—MARITIME CONTRACTS—SUIT FOR SERVICES IN PROCURING CHARTER.

A court of admiralty is without jurisdiction of a suit to recover compensation for services rendered in procuring a contract of affreightment for a vessel, the contract for such services not being maritime, but merely preliminary to a maritime contract; and it does not become maritime because of a provision of the charter party for the payment of the broker's commission and reciting that it is due by the vessel.[1]

This was a suit in admiralty to recover for services rendered for procuring a contract of affreightment for a vessel owned by respondents.

Corbin & Corbin, for libelants.
Convers & Kirlin, for respondents.

[1] For admiralty jurisdiction as to matters of contract, see note to The Richard Winslow, 18 C. C. A. 347, and note to Boutin v. Rudd, 27 C. C. A. 530.

KIRKPATRICK, District Judge. This libel was filed by Oscar L. Richard and others, composing the firm of C. Richard & Co., against John Doe and Richard Roe, composing the firm of J. Hogarth & Co., to recover compensation for effecting a contract of affreightment for the steamship Folbridge, belonging to respondents. The answer of the respondents admits the rendition of the service by the libelants, but alleges that this court has no jurisdiction over the subject matter of the libel. This objection I consider well taken, and in entire conformity with the practice and decisions of our courts. In Cox v. Murray, Fed. Cas. No. 3,304, Betts, District Judge, said:

"Undertakings which are merely personal in their character, or which are preliminary to maritime contracts, do not seem ever to have been recognized as within the admiralty jurisdiction."

In The Thames, 10 Fed. 848, the court recognized this distinction between maritime contracts and those for preliminary services leading thereto, and distinctly held that a shipping broker had no lien on a vessel in admiralty for services in procuring a charter party. Services which incidentally benefit the voyage do not thereby become maritime. They acquire that quality only when the matters performed enable or aid the vessel to conduct the same. This doctrine is reaffirmed in The Crystal Stream, 25 Fed. 575, and by the circuit court of appeals for the Second circuit in The Harvey, and Henry, 30 C. C. A. 330, 86 Fed. 656.

It is insisted upon the part of the libelants that, because a clause for payment of broker's compensation was inserted in the charter party, the contract for its payment thereby became maritime in its nature. In this view I cannot concur. The question of jurisdiction does not depend upon the form of the contract, but the substance of the undertaking. The court regards the subject-matter. In order to give the court jurisdiction, the substance of the whole contract must be maritime. "It is not a sufficient foundation for admiralty jurisdiction that there are involved some ingredients of a maritime nature." Plummer v. Webb, Fed. Cas. No. 11,233.

It is also urged that there is jurisdiction in admiralty because, by the terms of the contract, it is stipulated that "a commission is due by the vessel in signing this charter party." This stipulation, however, in my opinion, can impose no additional liability on the vessel, and can confer no jurisdiction on the court which it would not otherwise possess. Torices v. Winged Racer, Fed. Cas. No. 14,102.

Let a decree be entered dismissing the libel for want of jurisdiction.