TAYLOR et al. v. WEIR.

(District Court, D. Oregon. August 7, 1901.)

No. 4,540.

ADMIRALTY JURISDICTION—MARITIME CONTRACTS—EMPLOYMENT TO PROCURE CHARTER.

A contract to obtain a charter for a vessel is not maritime, and a court of admiralty has no jurisdiction of an action thereon to recover commissions, although a clause providing for the payment of such commissions is embodied in the charter party.[1]

In Admiralty. On exceptions to libel.

F. R. Strong, for libelants.

W. W. Cotton, for defendant.

BELLINGER, District Judge. This is a libel in personam to recover commissions for services as brokers in negotiating a charter for the bark Laurelbank. The charter party was concluded on May 10, 1898, between Taylor, Young & Co., as agents for the owners, and the Portland Flouring Mills Company. The charter party contained this provision: "Vessel to be consigned (inward only) to charterers' agent at port of discharge, and there to pay to charterers, or their order, two and one half per cent. on amount of freight. A commission of five per cent. shall be paid to charterers and Taylor, Young & Co., half each, on the estimated gross freight in U. S. gold coin, at the exchange of 48 pence, on the completion of loading, or should vessel be lost." A contract like this to obtain a charter for a vessel is not a maritime contract, and admiralty has no jurisdiction over it. The Thames (D. C.) 10 Fed. 848; The Crystal Stream (D. C.) 25 Fed. 575; The Humboldt (D. C.) 86 Fed. 351. "Maritime liens are stricti juris, and do not arise on all contracts made by the owners to result in profit to the ship. The test is to be applied to the subject, and not to the object. It is the subject-matter of the contract which must be maritime, and not the mere object,—the ship." Zeigler v. The Paola R. (C. C.) 32 Fed. 174. The fact that the agreement for commissions constitutes a clause in the charter party does not make it a maritime contract. The question of jurisdiction does not depend upon the form of the contract, but the substance of the undertaking. Richard v. Hogarth (D. C.) 94 Fed. 684. Exceptions to libel are allowed.

[1] Federal jurisdiction as to maritime contracts, see notes to The Richard Winslow, 18 C. C. A. 347, and Boutin v. Rudd, 27 C. C. A. 530.