BROWN et al. v. WEST HARTLEPOOL STEAM NAV. CO.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1902.)

No. 1,079.

ADMIRALTY JURISDICTION—MARITIME CONTRACTS — ACTION FOR BROKERS' COMMISSION.

A contract embodied in the charter of a vessel, executed by brokers on behalf of the owners, binding the ship and owners to pay a commission to the brokers for procuring the charter, is not maritime, and a court of admiralty has no jurisdiction of an action thereon.[1]

Appeal from District Court of the United States for the Northern District of Florida.

John C. Avery, for appellants.

Ben C. Tunison and Scott M. Loftin, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The libelants, as agents and brokers, represented the owners in procuring and executing a charter party, and therein, in their own favor, inserted a stipulation as follows:

"A commission of five per cent. upon the gross amount of this charter, and the usual freight brokerage, payable by the steamship and owners, is due to Brown, Chipley & Co., upon the signing hereof, charter canceled or not canceled, steamship lost or not lost, and also upon any continuation or extension of this charter, or on sale of vessel."

The district court held that this stipulation is not a maritime obligation or contract enforceable in admiralty, and we concur. See Taylor v. Wire (D. C.) 110 Fed. 1005, and cases there cited.

The decree appealed from is affirmed.

[1] Admiralty jurisdiction as to matters of contract, see notes to The Richard Winslow, 18 C. C. A. 347; Board v. Howard, 27 C. C. A. 530.