SEAWIND COMPANIA, S. A., Libelant, v.

CRESCENT LINE, INC., now known as Falcon Shipping Corp., Kulukundis Lines Inc., Kulukundis Lines Ltd., and Michael Kulukundis, Respondents.

United States District Court
S. D. New York.

June 18, 1962.

158

Foley & Grainger, New York City, for libelant.

Poles, Tublin & Patestides, New York City, for respondents.

NOONAN, District Judge.

Respondents, Kulukundis Lines Ltd. (Kulukundis Lines Inc.) and Michael Kulukundis have moved this court, pursuant to Rules 27 and 58 of the United States Supreme Court, Admiralty Rules, for an order dismissing the libel against them, based upon the alleged lack of admiralty jurisdiction of the subject matter set forth in the libel. Libelant, Seawind Compania, S.A., has in turn moved for summary judgment under Rule 58.

The libel, in brief, alleges two causes of action, based upon an alleged maritime contract between Seawind Compania, S.A. and Crescent Line Inc. (now known as Falcon Shipping Corp.) which was entered into on May 22, 1958. It is the libelant's position that the contract thus entered into between the parties was maritime in nature dealing with the operations of a steamship service.

Libelant alleges that Crescent Line Inc., after performing the contract for a certain period of time and making payments to the libelant, sold its name, good will charters and other assets to Kulukundis Lines Inc. and Kulukundis Lines Ltd. with intent to defraud the libelant. It is libelant's position that by agreement of February 26, 1960 [later corrected by libelant to read March 1, 1960] Kulukundis Lines, Inc. and Kulukundis Lines Ltd., with an intent to defraud the libelant, rendered respondent, Crescent Line, Inc. insolvent with insufficient assets and capital and without a steamship service and charters. According to the agreement entered into on March 1, 1960, it is the libelant's position that the above-named respondents assumed all of the obligations and conditions to be performed by Crescent Line, Inc. but have since failed to perform all of the obligations under the terms of the agreement dated May 22, 1958.

Thus the first cause of action seeks a money decree against Crescent Line, Inc., Kulukundis Lines, Inc., Kulukundis Lines Ltd. and Michael Kulukundis for the sum of $10,000,000 based upon the breach of the contract dated May 22, 1958 between libelant and Crescent Line, Inc.

In the second cause of action, the libelant seeks $2,000,000 allegedly "wrongfully taken" and "wrongfully withheld" which sum is claimed to be monies received as freight charges by Kulukundis Lines Inc. since the alleged sale on March 1, 1960.

A. Does this court have jurisdiction over the subject matter of this action?

Libelant has brought this action on the Admiralty side of the court maintaining

that the agreement entered into on May 22, 1958 between Seawind Compania, S.A. and Crescent Line, Inc. is maritime in nature and hence proper subject matter for this court's jurisdiction. The respondents, on the other hand, strenuously maintain that the agreement is non-maritime in nature.

"The boundaries of admiralty jurisdiction over contracts—as opposed to torts or crimes—being conceptual rather than spatial, have always been difficult to draw." Kossick v. United Fruit Co., 365 U.S. 731, at page 735, 81 S.Ct. 886, at page 890, 6 L. Ed.2d 56.

This court has studied the subject matter of the contract of May 22, 1958 in order to determine whether it comes within the traditional concepts of a maritime contract and hence proper subject matter for the exercise of this court's admiralty jurisdiction. The Supreme Court in determining whether a particular contract was maritime in nature stated:

"On looking into the several cases in admiralty which have come before this court, and in which its jurisdiction was involved, or came under its observation, it will be found that the inquiry has been, not into the jurisdiction of the court of admiralty in England, but into the nature and subject matter of the contract; whether it was a maritime contract, and the service a maritime service, to be performed upon the sea, or upon waters within the ebb and flow of the tide. And, again, whether the service was to be substantially performed upon the sea, or tide waters, although it had commenced and had terminated beyond the reach of the tide; if it was, then jurisdiction has always been maintained." New Jersey Steam Navigation Company v. Merchants' Bank, 6 Howard 344, page 392, 12 L.Ed. 465.

It is clear that the contract in question was to cover the operations of a steamship service, Crescent Line, Inc.,

whose operations were to be in that area of the world known as the Mediterranean, Red Sea and Persian Gulf. The exact nature of the duties to be performed by the libelant are not specified. However, the contract does indicate:

"The Party of the Second Part (Seawind Compania, S.A.) agrees to utilize such of its efforts, energies, contacts and experience as it sees fit in the furtherance of the Steamship Service of the Party of the First Part (Crescent Line, Inc.)".

Respondents maintain that the duties to be performed by the libelant are similar to those of a cargo broker whose function is of a preliminary nature and ends when the freight is placed at the pier, citing The Crystal Stream, D.C., 25 F. 575, and The Thames, D.C., 10 F. 848.

This Court is not prepared, however, to limit the text of the contract to so narrow a reading. The relationship, here, was not a situation which would end with the loading at dockside of a specified shipment of goods but rather a continued joint venture was envisioned "to effectuate the physical economic operation and employment" of the ships of the Crescent Line, Inc.

Furthermore, said contract was not to terminate with one shipment but was to continue for an extended period of time based on certain eventualities.

It is the opinion, therefore, of this court that the contract in question here is maritime in nature and comes within the admiralty jurisdiction of this court as stated in Hadjipateras v. Pacifica, S. A., 5 Cir., 290 F.2d 697.

"To begin with, the contract is everything classically known as a maritime contract. It concerns a ship. It relates not only to a ship; its very purpose is to effectuate the physical, economic operation and employment of a vessel. And what is here in controversy are the fruits of such operation. The subject matter, in the sense of the thing, its purpose, and its result all center

around the ship. It meets all of the tests both ancient and modern."

B. Does summary judgment lie in favor of the libelant?

█ Libelant has moved pursuant to Rule 58 of the Supreme Court Admiralty Rules for Summary Judgment claiming that no genuine issue remains as to any material fact.

After studying all the papers involved, it is the opinion of the court that several issues remain in doubt, necessitating a trial of the case. A question remains in the court's mind as to the exact nature and subject matter of the sale supposedly contracted between Crescent Line, Inc. and the Kulukundis interests on March 1, 1960. A further issue as to whether such sale was carried out "with an intent to defraud the libelant" remains to be proven by the libelant.

Respondents also maintain that there is no such party in existence as Kulukundis Inc. For these and other reasons the Court hereby denies the libelant's motion for summary judgment. As the Supreme Court stated in Kennedy v. Silas Mason Co., 334 U.S. 249, at p. 257, 68 S.Ct. 1031, at page 1034, 92 L.Ed. 1347:

"We consider it the part of good judicial administration to withhold decision of the ultimate questions involved ·in this case until this or another record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts. While we might be able, on the present record, to reach a conclusion that would decide the case, it might well be found later to be lacking in the thoroughness that should precede judgment of this importance and which it is the purpose of the judicial process to provide."

Accordingly, motion to dismiss for lack of jurisdiction is denied. Likewise the motion for summary judgment is denied.

So ordered.