**Samuel OBERFEST, Plaintiff,**

v.

**CARGO SHIPS AND TANKERS, INC.,
Defendant.**

**Civ. A. No. 6123.**

United States District Court
E. D. Virginia,
Norfolk Division.

Sept. 6, 1967.

**568**

Charles F. Tucker, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for plaintiff.

Virgil S. Gore, Jr., Seawell, McCoy, Winston & Dalton, Norfolk, Va., for defendant.

## MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

The primary issue in this case is whether a complaint, seeking the recovery by an assignee of brokerage commissions under a contract providing for the conversion of certain vessels and further providing for the payment of brokerage commissions, is cognizable in admiralty. Under a clause of foreign attachment, one of the defendant's vessels was arrested, a claim was filed by the master, and presumably a bond or letter of undertaking was furnished.

The facts are not in dispute. On August 2, 1961, a contract was entered into between Progressive Steamship and Sociedad Espanola de Construccion (hereinafter referred to as "Contractor") wherein the contractor agreed to convert from tankers to bulk carriers, not exceeding four in number, in accordance with the terms and conditions of the contract. Included in the contract is clause 17 as follows:

> "17. *Brokerage Commission*
>
> The contractor will pay Cargo Ships and Tankers, Inc., 17 Battery Place,

New York 4, N. Y., U.S.A., at 2½% (two and one-half) commission on the total conversion price".

On August 9, 1961, the defendant agreed to equally divide this brokerage commission with American Bulk Carriers, Inc.; reference being made to the pertinent clause of the main contract.

On August 16, 1961, American Bulk Carriers, Inc., assigned to the plaintiff its interest in the brokerage commission which the defendant had contracted to divide equally with American Bulk Carriers, Inc.

The total commission paid to the defendant was $29,275.00. Plaintiff seeks to recover one-half of said sum.

While the original contract for the conversion is maritime in nature,[1] over which admiralty should take jurisdiction, Wall Street Traders, Inc. v. Sociedad Espanola de Construccion Naval, 245 F.Supp. 344 (S.D.N.Y., 1964), we do not agree that independent clauses under such contract giving rise to a cause of action are necessarily maritime for the purpose of invoking admiralty jurisdiction. As Judge Addison Brown, a leading figure in the field of admiralty, said in The Thames, 10 F. 848:

> "If the broker of a charter party be admitted [to admiralty jurisdiction], the insurance broker must follow,—the drayman, the expressman, and all others having reference to a voyage, either in contemplation or executed".

For the same effect are P. D. Marchessini & Co. (N.Y.) v. Pacific Marine Corp., 227 F.Supp. 17 (S.D.N.Y., 1964); D. C. Andrews & Company v. United States, 124 F.Supp. 362, 129 Ct.Cl. 574 (1954); and Taylor v. Weir, 110 F. 1005 (D.C. Ore., 1901). While it is true that the object of the contract was maritime, it is necessary to examine the nature and subject matter of that portion of the contract which gives rise to this litigation. The

---

1. The same would not apply to original construction of a vessel, even though the hull is in the water, Thames Towboat Co. v. The "Frances McDonald", 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245.

brokerage services are in no way connected with the conversion. Cory Bros. & Co. v. United States, 51 F.2d 1010 (2 Cir., 1931). The leading case of American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947), is not to the contrary. That involved an indemnity provision of a stevedoring contract which is plainly maritime. See also: The Richard Winslow, 2 Cir., 71 F. 426, and Pillsbury Flour Mills Co. v. Interlake S.S. Co., 2 Cir., 40 F.2d 439, both cited in *Porello.*

The case of United States v. Standard Oil Co. of Calif., 156 F.2d 312 (9 Cir., 1946), relied upon by plaintiff is inapposite; the agreement to deliver oil in good condition having been an integral part of the maritime contract.

■ Having concluded that the basis of this action is non-maritime, there remains the question as to whether the case should be treated as an ordinary civil action under the diversity statute. This Court has followed this practice in numerous cases, and the procedure has been approved. Richardson & Sons, Ltd. v. Connors Marine Co., Inc., 141 F.2d 226 (2 Cir., 1944); United States v. Tug John R. Williams and Great Lakes Dredge & Dock Co., 144 F.2d 451 (2 Cir., 1944). However, the complaint alleges that plaintiff is a citizen and resident of the State of New York. The complaint further asserts that the defendant is a corporation organized and existing under the laws of the State of Delaware. The affidavit and exhibits filed by defendant clearly indicate that defendant is a New York corporation. Counsel for defendant stated at argument that insufficient time had elapsed to verify the facts stated in the affidavit. Sufficient time has now passed and the Court must assume that the defendant is a New York corporation. If plaintiff has any information to the contrary, the same should be presented within ten days. After the period aforesaid, counsel for defendant may present an appropriate order dismissing this case for want of jurisdiction.