### THE RETRIEVER.

(District Court, D. Washington, W. D. April 4, 1899.)

MARITIME LIENS—BROKERAGE COMMISSIONS FOR PROCURING SEAMEN.
  Brokers employed to negotiate contracts incidental to commerce carried on by vessels navigating the seas, such as shipping agents employed to procure crews for vessels, are not entitled to a lien upon the vessels for their commissions.

On Exceptions to a Libel in Rem.

Claypool & Cushman, for libelant.
W. H. Gorham, for claimant.

HANFORD, District Judge. This case has been heard upon ex-ceptions to a libel in rem filed to recover brokerage commissions for procuring seamen to serve on the barkentine Retriever. In the case of The Gustavia, Fed. Cas. No. 5,876, decided by Judge Betts in the Southern district of New York in the year 1830, it was held that a ship's broker has a lien on a foreign vessel, in the nature of the lien of a material man, for services in shipping a crew for the vessel and for advances for their wages; but, in the light of more recent deci-sions, I consider it very doubtful whether that case would be, at the present time, sustained by the supreme court, or followed in the dis-trict court for the Southern district of New York. See Vandewater v. Mills, 19 How. 82; Seaver v. The Thales, Fed. Cas. No. 12,594; Scott v. The Morning Glory, Id. 12,542; Marquardt v. French, 53 Fed. 603.

The case under consideration differs from The Gustavia in this: that the libelant has paid no money on account of the wages of those

whom he procured to ship on the Retriever. His claim is simply to recover compensation for his services and for expenses incidental to securing a crew, and the reasons for allowing a lien upon a ship for money advanced to pay the wages of seamen have no existence in this case. The business of shipping agents is usually conducted wholly in a boarding house or an office upon land, and is as much a land business as the negotiations carried on by brokers for the purchase and sale of mining stocks or wheat, or negotiations leading up to the making of other nonmaritime contracts. I have recently had occasion to consider this subject with some care, and have become firmly convinced that brokers employed to negotiate contracts incidental to commerce carried on by vessels navigating the seas are not entitled to hold liens upon vessels for the compensation which they earn. Grauman v. The Humboldt, 86 Fed. 351. Exceptions sustained.