## THE MUSKEGON.

(Circuit Court of Appeals, Second Circuit. June 1, 1921.)

No. 254.

Maritime liens ☞25—"Other necessaries" in statute does not include services of stevedore.

"Other necessaries" for which a lien is given by Act June 23, 1910, § 1 (Comp. St. § 7783), held not to include the services of a master stevedore in loading a vessel in her home port.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Other.]

Appeal from the District Court of the United States for the Southern District of New York.

---

In Admiralty. Suit by Nicholas Montanino and Matteo Delfino, partners as Montanino & Delfino, against the steamship Muskegon. Decree for claimant, and libelants appeal. Affirmed.

For opinion below, see 275 Fed. 117.

Crowell & Rouse, of New York City (E. Curtis Rouse, of New York City, advocate), for appellants.

Barry, Wainwright, Thacher & Symmers, of New York City (Earle Farwell and James K. Symmers, both of New York City, advocates), for appellee.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. The events giving rise to this action occurred before the enactment of the Merchant Marine Act of 1920 and the cause is unaffected by the changes thereby made in the Lien Act of June 23, 1910 (36 Stat. 604 [Comp. St. §§ 7783-7787]). Libelants are a firm of master stevedores. The Muskegon is an American vessel, whose home port is New York. She was under charter, and the charterers in her home port were loading cargo. These charterers themselves made a contract with libelants to do the stevedoring necessary to load the Muskegon; libelants performed the labor by and through their workmen, whom they paid; but charterers did not pay libelants' bill, who thereupon filed this libel in rem, which was dismissed by the lower court.

The whole case for appellants rests on the assertion that under the act of 1910 this master stevedore's bill constitutes a lien against the vessel, because the statute provides (section 1) that "any person furnishing repairs, supplies, or other necessaries, including the use of dry dock, or marine railway, to a vessel," shall have a maritime lien therefor, and stevedoring should be included under the head of "other necessaries." Comp. St. § 7783.

It is no longer doubted that the service of loading and stowing a ship's cargo is maritime. Atlantic, etc., Co. v. Imbrovek, 234 U. S. 52, 61, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157. Clearly, therefore, out of the labor of a stevedore rendered to a ship elsewhere than in her home port, a maritime lien arises.

Whether there be any legal difference between the claim of a working stevedore for the reward of his own labor and that of a master stevedor or contractor for what is really the worker's wage, plus profit, is a matter we need not consider, and on which we express no opinion. The Seguranca (D. C.) 58 Fed. 908.

It may be assumed, but not held, that these libelants rendered a maritime service for which in a port other than the home of the vessel they would have a lien by general maritime law, yet it remains clear that they have no lien in the home port unless it be conferred by the statute, and the only phrase in that statute on which they can rely is "other necessaries."

We adhere to the views concerning the purpose and general scope of the Federal Lien Act expressed in The Oceana, 244 Fed. 80, 156 C. C. A. 508, certiorari refused Morse Dry Dock & Repair Co. v. Conron Bros. Co., 245 U. S. 656, 38 Sup. Ct. 13, 62 L. Ed. 533, and also to

the ruling made in The Hatteras, 255 Fed. 518, 166 C. C. A. 586, in respect of the words "other necessaries" as sought to be applied to towage.

The reasoning of The J. Doherty (D. C.) 207 Fed. 997, 1000, as to the meaning of "necessaries," is as fatal to appellant's contention regarding stevedoring as it was in respect of towage before by the act of 1920 the word "towage" was specifically inserted. "Other necessaries" mean matters ejusdem generis with repairs and supplies, and that the charge of a master stevedore does not belong to that class is we think entirely plain.

To the full enjoyment and profitable occupation of a ship there are many services which are convenient, useful, and at times necessary; stevedoring is one of them, but it cannot be promoted into that class of claims, long described as "repairs and supplies" by force of the statute, unless the statute be deemed as intended to create a maritime lien in the home port for everything that gives a maritime lien abroad. No such intention can be discovered in the language of the act nor from the history thereof.

The case is most strongly put for appellant if it be supposed that the owner himself had in the home port employed these libelants to do what they did. That act and the consequent service would have been a maritime contract and a maritime service, but it would have given no maritime lien by general law, and none is created by the statute.

The decree appealed from is affirmed, with costs.

We have examined The Rupert City (D. C.) 213 Fed. 263, and observe that the stevedoring claim there considered (page 267) was for services rendered to a British vessel in the harbor of San Francisco, and do not think that the learned court intended to declare that stevedoring in the home port was within the act of 1910, or to differ with the construction of that statute announced in The Doherty, supra.