## THE HENRY S. GROVE.

(District Court, W. D. Washington, S. D.   November 25, 1922.)

### Nos. 3802, 7017.

Maritime liens ⬤⟹25—Lien given for services of master stevedore; "other necessaries."

Services rendered by a master stevedore in loading or discharging a vessel are included in "other necessaries," for which a lien is given by Merchant Marine Act, § 30, subsec. P.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Other.]

In Admiralty. Libel asking decree as to ownership and possession of the Henry S. Grove. On exceptions to intervening libel of the North Coast Stevedoring Company. Exceptions overruled.

See, also, 283 Fed. 1019.

Thos. P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., and MacCormac Snow, Sp. Asst. U. S. Atty., of Portland, Or., for libelant.

Huffer & Hayden and G. H. Bucey, all of Seattle, Wash., for intervener.

Grosscup & Morrow, of Tacoma, Wash., for Bethlehem Shipbuilding Corporation.

Hayden, Langhorne & Metzger, of Tacoma, Wash., for Atlantic Gulf & Pacific S. S. Corporation.

Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for Standard Oil Co.

CUSHMAN, District Judge. The libel asks that libelant be decreed the owner and entitled to the possession of the Henry S. Grove, a vessel alleged to have been conditionally sold, through the Shipping Board and Emergency Fleet Corporation to the Atlantic, Gulf & Pacific Steamship Corporation of Maryland. The North Coast Stevedoring Company has intervened, alleging the performance by it of stevedoring services in discharging from and loading cargo on the Henry S. Grove at certain ports. The intervening libel is one in rem. Libelant has excepted to the intervening libel.

The sole point for determination is whether such services by a master stevedore are included in the "other necessaries" of subsection P of section 30, Act of June 5, 1920 (41 Stat. 1005), which reads:

"Any person furnishing repairs, supplies, towage, use of dry dock or marine railway, or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The prior Act of June 23, 1910 (Compiled Stats. § 7783), reads:

"Any person furnishing repairs, supplies, or other necessaries, including the use of dry dock or marine railway, to a vessel, whether foreign or domestic, upon the order of the owner or owners of such vessel, or of a person by him or them authorized, shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and it shall not be necessary to allege or prove that credit was given to the vessel." 36 Stat. 604.

It must be noted that the present law, by expressly adding "towage" as a lienable service, and including the service of a "dry dock or marine railway" in that part of the act preceding the expression of "or other necessaries" has, by so doing, broadened the scope of the latter expression.

Judge Learned Hand, in The Muskegon (D. C.) 275 Fed. 117, at page 118, affirmed (C. C. A.) 275 Fed. 348, considering the act of 1910 and applying the rule "ejusdem generis," in construing the expression "other necessaries" in that act, concluded that the "outfitting" of the ship, as opposed to her "carriage of freight" was therein contemplated, and that a master stevedore's services related to "carriage" and "not outfitting," and that therefore the statute of 1910, gave no lien for such services.

Judge Neterer, in The Rupert City (D. C.) 213 Fed. 263–269, appears —not so narrowly construing the expression—to have reached a different conclusion, for he says:

"It is evident, therefore, if we construe the statute as intending to raise the presumption of a lien only where the maritime law does not create one, that the act does apply to the furnishing of stevedores by a contractor in the home port or on the order of the owner, for by the general maritime law no lien arises from such a contract. Still further, if we apply the rule of ejusdem generis, the furnishing of stevedores under such a contract is similar to that of a contractor's furnishing of workmen to do repairs, so that it would come strictly within the phrase 'other necessaries,' even though such term be limited to necessaries of a nature similar to those mentioned. I must therefore conclude that, when the contract was made by the California Stevedore & Ballast Company with the managing owner of the vessel, a presumption arose according to the provisions of the Act of June 23, 1910, that the credit of the ship was pledged thereby and this presumption is not rebutted by any facts or circumstances appearing in the testimony."

By including in the present act "towage" and "use of dry dock or marine railway" before the expression "or other necessaries"—the former of which services, "towage," at least, must be held to relate to "carriage alone," as contradistinguished from "outfitting"—the ruling in each of these cases supports a holding that the present act gives a master stevedore a lien. Since such change expressly gives a lien for "towage" (a carriage service), "other necessaries," read ejusdem generis, includes other services having to do with carriage, as does the service of a master stevedore.

Exceptions overruled.