### AUDITORE CONTRACTING CO., Inc., v. COAL ON BARGE MARY McALLISTER, etc.

(District Court, E. D. New York. January 21, 1924.)

**Maritime liens ⊜⟳24—No lien for stevedoring services to cargo.**

Libelant *held* to have no lien under amended Act June 5, 1920, § 30, subsec. P (Comp. St. Ann. Supp. 1923, § 8146¼ooo), for stevedoring services rendered to the cargo, and not to the vessel; there being no legal presumption that the credit of the cargo was the inducement for the stevedoring service.

⊜⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Libel by the Auditore Contracting Company, Inc., against the Coal on Barge Mary McAllister, etc. On motion for an order vacating an order vacating a decree for libelant. Order vacating decree not disturbed.

Charles L. Apfel, of New York City (Samuel D. Johnson, of New York City, of counsel), for libelant.

Robert B. Honeyman, of New York City (Bigham, Englar & Jones, T. Catesby Jones, and Charles F. Quantrell, all of New York City, of counsel), for indemnitor.

GARVIN, District Judge. A libel was filed by the Auditore Contracting Company against coal on board certain barges. A notice of appearance was filed in behalf of the claimant to said coal by the Community Fuel Corporation, and an answer to the libel was likewise filed by said corporation. After some months libelant made a motion for an order directing judgment for libelant for the relief demanded in the libel. This motion came on before Judge Inch. There was no opposition, and the motion was granted. A decree accordingly was entered by Judge Inch, dated August 15, 1923, and filed August 23, 1923. Thereafter, on October 10, 1923, a motion was made before me for an order vacating the latter decree. This motion was not opposed, but was granted with the understanding that there would be a reargument thereof, if the parties desired. On October 15th an order was entered vacating the decree.

Now a motion is made by the libelant for an order vacating the order of October 15th, which vacated the decree made by Judge Inch. Although this motion brings up the question of vacating a decree made by Judge Inch, I shall proceed to determine the questions involved, after a conference with him at which counsel were present, and at his request.

The attack on the decree of August 15th is not made by claimant, but by the indemnitors on the bond. It may be doubted whether they have any standing as such, but the point is made that the court was without jurisdiction to enter the decree, and that the indemnitors may be heard amici curiæ. The libel was filed for stevedoring services rendered by libelant to the Community Fuel Corporation in transferring coal from a vessel to barges. Libelant contends that the lien arises under the amended Act of Congress of June 5, 1920, subsection P of section 30 (Comp. St. Ann. Supp. 1923, § 8146¼ooo), and relies on the Henry S. Grove (D. C.) 285 Fed. 60, which holds that a stevedore has a lien for his services rendered to a vessel. Here the services were to cargo. The statute relied upon gives no lien on cargo, but specifically refers to a vessel.

Libelant urges that the coal in question was not freight, but property belonging to the owner of the barges, which were sent for the purposes of receiving the coal and taking it unto themselves as a part of their equipment. The record discloses no such state of facts. The contrary is strenuously asserted by the indemnitors. There is no legal presumption here that the credit of the cargo was the inducement for the steve-

doring service. Therefore the case of Alaska Fishing & Development Co. (D. C.) 167 Fed. 875, cited by libelant, does not apply.

As the court was without jurisdiction to enter the original decree, the order vacating the same will not be disturbed.