### LA MERCED.

(District Court, W. D. Washington. N. D. January 9, 1926.)

No. 10220.

Maritime liens ⬳25—Broker does not have lien for services in causing cancellation of fines, although advancing credit for use, if necessary (Rev. St. §§ 4438, 4463, and Seamen's Act, § 13 [Comp. St. §§ 8200, 8225, 8363a]).

Broker does not have a lien on ship for services rendered in causing cancellation of fines assessed against crew and ship for violation of Rev. St. §§ 4438, 4463, and Seamen's Act, § 13 (Comp. St. §§ 8200, 8225, 8363a), although having advanced necessary credit to pay penalties, if they were not canceled.

In Admiralty. Libel by the Frank P. Dow Company, Inc., against the motorship La Merced. On special exceptions to libel and motion to dismiss. Exceptions sustained, and motion to dismiss granted.

Lincoln Tyler, of Seattle, Wash., for libelant.

Bogle, Bogle, & Holman, of Seattle, Wash., for respondent.

NETERER, District Judge. Libelant, a broker, seeks to impress a lien for services rendered in causing the cancellation of certain fines assessed against the crew and the ship for violations of sections 4438 and 4463, R. S., and section 13 of the Seamen's Act (Comp. St. §§ 8200, 8225, 8363a), alleging the service was performed on behalf of the crew and the ship at the special instance of the master. Claimant has excepted to the sufficiency of the libel.

It is contended that, while no advancement was made and the penalties were remitted, yet to obtain the release of the ship libelant advanced the necessary credit to pay the penalties assessed, if they were not canceled, and in this relation did render service to the ship to the amount of $200, which should be impressed. Judge Hanford, in this district, in The Retriever (D. C.) 93 F. 480, held that a broker for a ship, advancing no wages, did not have a lien upon the vessel for service and expenses incidental to securing a crew. In the instant case no lien for the fines in fact existed. The libel states the claim was abandoned or dismissed. It was held in The Rupert City, 213 F. 263 (this court), that a brokerage charged for service in aiding the entry of the ship, and attending to the "business" of the ship after seizure afforded no lien for such charge. The claim here cannot be distinguished from these cases.

The exceptions to the libel are sustained, and the motion to dismiss granted.