## THE PRINCESS.

(District Court, S. D. New York. March 12, 1926.)

Maritime liens ⬅5, 25—Broker not entitled to lien for services in shipping a crew in vessel's home port; "necessaries" (Ship Mortgage Act 1920 [Comp. St. Ann. Supp. 1923, § 8146¼ooo]).

The general maritime law does not give a lien to a broker for services in shipping a crew for a vessel in her home port, nor does such service come under the head of "necessaries," in Ship Mortgage Act 1920 (Comp. St. Ann. Supp. 1923, § 8146¼ooo).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessaries (for Vessels).]

In Admiralty. Suit by Sidney H. Quail against the steamship Princess, formerly the J. L. Luckenbach. Libel dismissed.

Walter B. Milkman, of Brooklyn, N. Y., for libelant.

Rumsey & Morgan, of New York City (John Tilney Carpenter, of New York City, of counsel), for claimant.

AUGUSTUS N. HAND, District Judge. The old case of The Gustavia, Fed. Cas. No. 5,876, is relied on by the libelant as creating a lien. In that case the services of the broker in shipping a crew for the vessel were not performed in the home port. The distinction seems to have been observed in a decision rendered in this district. Seaver v. The Thales, Fed. Cas. No. 12,594. Likewise, in The Thames (D. C.) 10 F. 848, Judge Brown refused to impose a lien on a vessel for services in procuring a charter party and remarked that: "In The Gustavia, * * * shipping a crew was held" to be "like furnishing necessary supplies for a voyage." In Scott v. The Morning Glory, Fed. Cas. No. 12,542, Judge Hoffman held, in the District Court of California, that admiralty had no jurisdiction in rem of such a cause of action. He also referred to The Gustavia, and apparently disapproved of it. The Retriever (D. C.) 93 F. 480, decided by Judge Hanford in the District of Washington, is to the same effect.

If a maritime lien did not exist prior to the amendments of 1910 and 1920, I cannot see that the situation is affected by these acts. The act of 1920 (Comp. St. Ann. Supp. 1923, § 8146¼ooo) reads thus:

"Any person furnishing repairs, supplies, towage, use of dry dock or marine railway, or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

In The Muskegon, 275 F. 348, Judge Hough, writing for the Circuit Court of Appeals, distinctly said that no intention could be discovered in the language of the statute, or from its history, to create a maritime lien in the home port for everything that gives a maritime lien abroad. Here, as in The Muskegon Case, the words "other necessaries," in the statute, must be read in the light of the words "repairs, supplies," with which it is associated.

Whether or not the old case of The Gustavia is still the law of this district, it would in my opinion be entirely against the overwhelming weight of authority to extend the doctrine of that case to crews shipped in a home port, and to treat such services as coming within the meaning of "necessaries." Judge Mack overruled exceptions to the libel which were directed to the cause of action as set forth. The libel does not say whether libelant furnished a crew for a vessel in the home port, as now appears to be the fact, and no opinion was written. This takes the case out of the doctrine of The Gustavia, if that is still the law, and brings it, as I think, within the general principle laid down by the Circuit Court of Appeals in The Muskegon, supra.

The libel is dismissed, but without costs.